IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 06-1304 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| CHRISTOPHER MURAD, LISA MURAD, ALAN BOTTARINI, CAROLE BOTTARINI, DON DALLIMONTI, RHONDA DALLIMONTI, STEVE REYNOLDS, DEBBIE REYNOLDS, et al., | |
| Defendants. / | |

This matter comes before the Court on the United States' Motions for Partial Summary Judgment against Christopher and Lisa Murad (the "Murads"), Alan and Carole Bottarini (the "Bottarinis"), Don and Rhonda Dallimonti (the "Dallimontis"), and Steve and Debbie Reynolds (the "Reynolds") (collectively, "Defendants") [Docket Nos. 89, 91, 93, and 95].  Having read and considered the arguments presented by the United States in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.  The Court hereby DENIES the United States' Motions for Partial Summary Judgment.

None of Defendants against whom the United States moved for partial summary judgment has appeared in the above-captioned action.  The Murads, the Dallimontis and the Reynolds returned their waivers of service on February 22, 2006.[1]  Their answers were due on April 24, 2004.  Alan Bottarini was served on April 7, 2006.  His answer was due on April 27, 2006.  Carole Bottarini was served on April 2, 2006.  Her answer was due on April 24, 2006.  Defendants' time to respond to the United States' Amended Complaint has long passed, and none of them has answered or filed a

---

[1] A waiver of service of process does not constitute an appearance in the lawsuit. Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL, Chapter 5, Service of Process, 5:159 (The Rutter Group 2003).

responsive motion.  Between April 28 and June 8, 2006, the United States has moved for partial summary judgment against Defendants.  The United States has not presented any authority for this Court to adjudicate the partial summary judgment motions, given the Defendants' non-appearance in the action.  Where a party has not appeared, adjudicating the merits of a summary judgment motion creates an increased risk of error due to the absence of the full adversarial development of the facts and law.  *See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995).  In such cases, the correct procedure is to move for the entry of default, and, if appropriate, default judgment.  *See Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996) (the purpose of default procedures is "to ensure 'that litigants who are vigorously pursuing their cases are not hindered by those who are not' in an environment of limited judicial resources").

Accordingly,

IT IS HEREBY ORDERED THAT the United States' Motions for Partial Summary Judgment against Christopher and Lisa Murad, Alan and Carole Bottarini, Don and Rhonda Dallimonti, and Steve and Debbie Reynolds [Docket Nos. 89, 91, 93, and 95], are DENIED WITHOUT PREJUDICE.  Should the United States move for partial summary judgment against the above-mentioned Defendants, or any other defendants in this action, who have not appeared, the United States must set forth the legal authority for the Court to adjudicate the merits of such a motion in the absence of defendants' appearance.

IT IS SO ORDERED.

Dated: 7/21/06

SAUNDRA BROWN ARMSTRONG
United States District Judge